UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SHEILA SUTHERLAND,

      Plaintiff,

v.                                  Case No. 5:04-CV-102

CARTER LUMBER COMPANY,         HON. GORDON J. QUIST

      Defendant.
_____/

## MEMORANDUM ORDER

The Court has before it Defendant's motion to dismiss Counts II and III of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Where, as here, the parties rely upon matters outside of the pleadings, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Fed. R. Civ. P. 12(b).

Based upon its review of Plaintiff's complaint, the Court notes that Plaintiff alleges diversity of citizenship as the basis for jurisdiction in this case. Plaintiff alleges three claims. Count I alleges a state law claim for wrongful discharge; Count II alleges a claim for sexual harassment; and Count III alleges a claim for violation of the Michigan Whistleblowers' Protection Act. Because Plaintiff fails to cite the statutory basis for her sexual harassment claim in Count II, it is unclear whether Plaintiff is alleging a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the Michigan Elliott-Larsen Civil Rights Act ("Elliott-Larsen Act"), M.C.L. §§ 37.2101 to .2804, or both. In its motion, Defendant contends that Count II must be dismissed because Plaintiff has failed to exhaust her administrative remedies and that Count III must be

dismissed because Plaintiff failed to file her claim within the applicable limitations period and because Plaintiff fails to state a claim for a violation of the statute.

The Court will deny the motion on Count II. As noted above, Plaintiff does not indicate whether her sexual harassment claim is brought under state or federal law. A plaintiff is not required to exhaust administrative remedies before bringing suit under the Elliott-Larsen Act. *See Rogers v. Bd. of Educ. of Buena Vista Schs.*, 2 F.3d 163, 167-68 (6th Cir. 1993). Therefore, because it appears that Plaintiff may be asserting a claim under the Elliott-Larsen Act, dismissal of Count II would be improper.

The Court will dismiss with prejudice Count III, the Whistleblowers' Protection Act claim, for two reasons. First, Section 2 of the Whistleblowers' Protection Act (WPA) applies only to reports "to a public body." M.C.L. § 15.362. Defendant is not a "public body" as defined by Section 1 of the WPA. M.C.L. § 15.361(1); *Manzo v. Petrella*, 261 Mich. App. 705, 714, 683 N.W.2d 699, 704-05 (2004) (Private hospital with peer review committee in compliance with Michigan law to monitor and review its own professional practices was not a public body.) There is no allegation that, before Plaintiff was terminated, Plaintiff had any knowledge that Defendant had reported to a public body, was about to report to a public body, or was asked by a public body to participate in an investigation. Second, the WPA claim is barred by the Act's 90-day statute of limitations. *See* M.C.L. § 15.363(1). Plaintiff was terminated on February 14, 2004, and she did not file her complaint until July 22, 2004. Therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion To Dismiss Count II And Count III Of The Complaint (docket no. 24) is **GRANTED IN PART AND DENIED IN PART**. The motion is **denied** with regard to Count II and **granted** with regard to Count III.

Dated: April 27, 2005               /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE